## GULF, C. & S. F. RY. CO. v. BOSS.
### (No. 3252.)

(Court of Civil Appeals of Texas. Texarkana. June 4, 1926. Rehearing denied June 17, 1926.)

Master and servant ⬤══302(2)—Railroad held not liable to section hand visiting at section house for infection caused by being permitted to use towel used by gonorrheal section foreman (Vernon's Sayles' Ann. Civ. St. 1914, art. 6641).

Railroad *held* not liable for negligence of section foreman, who had gonorrhea, in allowing section hand to use water and towel he had used, while latter was visiting section house at invitation of his brother, whereby sight of one eye was impaired, since foreman was not then acting in scope of employment, and was not vice principal within Vernon's Sayles' Ann. Civ. St. 1914, art. 6641.

Appeal from District Court, Delta County; Newman Phillips, Judge.

Action by Reuben Boss against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

E. T. Donoho, employed by appellant as foreman of a gang of section men, resided with his daughter and her husband, George Boss, one of the section men, in a section house owned by appellant at or near Ben Franklin. During several weeks in February, 1923, while Donoho was away on a trip to California, one Howard Pitcock acted as foreman of the section gang in his place and stead. While he was so acting, Pitcock and his wife resided in the section house with George Boss and his wife. Appellee was a member of the section gang, but he neither lodged nor boarded at the section house. However, at the invitation of his brother, George Boss, he went there to a dinner, and in washing and drying his face there used water and a towel Pitcock had used. Appellee claimed that Pitcock at the time was afflicted with gonorrhea, and that as a result of the use by him (appellee) of said water and towel one of his eyes became infected with the disease, whereby the sight thereof was greatly impaired. This suit by appellee against appellant for damages was commenced and prosecuted on the theory that Pitcock was guilty of negligence for the consequences of which appellant was liable, in permitting appellee to use the same water and towel he (Pitcock) had used in washing and drying his face. In his petition, appellee alleged, but at the trial failed to prove, that appellant employed Pitcock to take charge of and operate the section house as a lodging and boarding house for its section men. The testimony was that it was optional with appellant's section foremen to use section houses belonging to it, and

optional with them, if they used the houses, whether they lodged and boarded section men therein or not. It was undisputed in the testimony heard that neither appellee nor any of the section men, except Pitcock and George Boss, lodged and ate in the section house, and that, on the occasion when appellee claimed his eye became infected as stated, he was at the section house at the invitation of his brother George. On special issues submitted to them, the jury found as follows: (1) That Pitcock was afflicted with gonorrhea as charged by appellee. (2) That appellee became infected with the disease "by washing his face in the same water in which Pitcock had washed or by using the same towel which Pitcock had used." (3) That Pitcock was guilty of negligence in permitting appellee to use such water and towel. (4) That such negligence was the proximate cause of appellee's becoming so infected. (5) That appellee was thereby damaged in the sum of $2,500. The appeal is from a judgment for appellee for the sum found by the jury.

Terry Cavin & Mills, of Galveston, Jas. Patteson, of Brownsville, and Lee, Lomax & Wren, of Fort Worth, for appellant.

B. Q. Evans, of Greenville, and B. B. Sturgeon, of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). In his brief, appellee says he commenced and prosecuted this suit "on the theory that Pitcock was a vice principal of appellant" and therefore that "any acts of his were the acts of appellant itself." It may be conceded that Pitcock was such a vice principal while in appellant's service as a section foreman and while engaged in the discharge of duties within the scope of his employment as such a foreman. Article 6641, Vernon's Sayles' Ann. Civ. St. 1914. But certainly he not only was not such a vice principal, but was not a representative of appellant in any capacity when he was not acting within the scope of such employment. The law applicable is stated as follows in 39 C. J. 1279 et seq., where a great number of illustrative cases are cited:

"Under the doctrine of respondeat superior a master is liable for injury to person or property resulting from the acts of his servant done within the scope of his employment in the master's service. On the other hand, the mere existence of the relation of master and servant is not enough to impose on the master liability for whatever torts the servant may commit. Beyond the scope of his employment the servant is as much a stranger to the master as any third person, and an act of the servant not done in the exercise of the service for which he was engaged cannot be regarded as an act of the master, and no liability attaches to him by reason of such act under the doctrine of respondeat superior. To render the master liable for an act of this character it must have been expressly authorized or subsequently ratified."

When the doctrine as just stated is applied to the facts of this case as stated above, it clearly appears, we think, that appellant was not liable as charged by appellee and as determined by the trial court. Doubtless Pitcock violated a moral if not a legal duty he individually owed to appellee when he permitted him to use the water and towel, but certainly he did not thereby violate any duty that appellant, or he as appellant's foreman, owed appellee.

We think it plainly and conclusively appeared that appellant was not liable to appellee as charged, and therefore that the trial court erred when he refused to instruct the jury to return a verdict in appellant's favor. Hence the judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellant.